UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANNA M GINGRICH,<br><br>               Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 3:21-cv-5377-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income benefits. The defendant concedes error occurred; the only issue is whether there should be a remand for award of benefits, or a remand for additional proceedings.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.    <u>ISSUE FOR REVIEW</u>

A. Whether the Court should remand for an award of benefits, or for additional proceedings.

II.    <u>BACKGROUND</u>

On December 8, 2009, plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") and a Title XVI application for supplemental

1 | security income ("SSI"), alleging in both applications a disability onset date of December
2 | 1, 2007. Administrative Record ("AR") 12, 133. Plaintiff later amended her onset date to
3 | April 15, 2008. AR 12. For plaintiff's Title II application, plaintiff's date last insured is
4 | June 30, 2013. AR 2072. Both claims were denied initially and upon reconsideration.
5 | AR 12.
6 | Administrative Law Judge ("ALJ") Scott R. Morris held a hearing on December
7 | 14, 2011 (AR 397– 445) and issued an unfavorable decision on January 5, 2012, finding
8 | plaintiff not disabled. AR 9–21. On appeal, this Court reversed and remanded for
9 | additional proceedings. AR 382-93.
10 | ALJ Gary Elliot held a new hearing on January 22, 2015 (AR 446-77) and issued
11 | an unfavorable decision on February 24, 2015, finding plaintiff not disabled. AR 352-75.
12 | On appeal, this Court reversed and remanded for additional proceedings. AR 995–
13 | 1020.
14 | ALJ David Johnson held a hearing on May 4, 2018 (AR 934-60) and issued a
15 | decision on November 19, 2018 finding plaintiff not disabled. AR 903-33. On appeal,
16 | this Court reversed and remanded for additional proceedings. AR 2189–2203.
17 | ALJ Johnson held a new hearing on November 25, 2020 (AR 2110-35) and
18 | issued a partially favorable decision on January 21, 2021, finding that plaintiff was *not*
19 | disabled prior to an established onset date of December 28, 2018, but she was disabled
20 | on and after that date; and plaintiff was not under a disability through the date last
21 | insured. AR 2072–2091.  The ALJ found that since plaintiff's amended alleged onset
22 | date of April 15, 2008, plaintiff had the following severe impairments: polycystic ovary
23 | syndrome, degenerative disc disease, diabetes, arthritis, obesity, plantar fasciitis,
24 |
25 |

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

stenosis, arthropathy, edema, rotator cuff, tendonitis, ankle contracture and bursitis, bipolar disorder, post-traumatic stress disorder (PTSD), reading disorder, mathematics disorder, and disorder of written expression. AR 2075.

Based on the limitations stemming from these impairments, the ALJ found that before December 28, 2018, plaintiff was able to perform a reduced range of light work. AR 2077. Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could not perform her past relevant work. AR 2091. At step five, the ALJ found that prior to December 28, 2018, there were jobs that existed in significant numbers in the national economy that plaintiff could perform; therefore, the ALJ concluded that prior to that date, plaintiff was not disabled. AR 2091.

Plaintiff seeks judicial review of the ALJ's January 21, 2021 decision. Dkt. 16, pp. 1–18.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

A. Medical Evidence

Plaintiff assigns error to the ALJ's evaluation of the medical opinions of: Dr. Morris, Dr. Brown, Ms. Carlson, PA-C, and Dr. Grant. Dkt. 16, pp. 3–10.

Plaintiff argues that the ALJ erred (1) by failing to include in plaintiff's RFC the portion of Dr. Morris's opinion he credited, and (2) by discounting Dr. Morris's opinion based on his estimate that plaintiff's limitations would last for "six-plus" months. Dkt. 16, p. 4; AR 2085.

In its 2014 remand order, as well as the 2016 and 2020 remand orders, this Court found that the ALJ harmfully erred by failing to address how the RFC accounts for the cognitive limitations opined by Dr. Morris, which the ALJ credited. AR 387-393, 1002-1015, 1018-1019, 2193-2200, 2203. Specifically, the Court pointed out that while the RFC accounts for Dr. Morris's opinion regarding plaintiff's moderate limitation in understanding, remembering, and following complex instructions, it also contradicted plaintiff's moderate limitation in performing routine tasks. AR 2196.

When an issue has already been decided by the district court in the same case, the law of the case doctrine generally prohibits the ALJ and the district court from re-visiting that issue and deciding it differently than it was previously decided by the district court. *See Stacy v. Colvin,* 825 F.3d 563, 567 (9th Cir. 2016) (district court has discretion to apply law of the case doctrine in Social Security appeals).

Here, the ALJ gave some weight to the cognitive functioning limitations identified by Dr. Morris. AR 2085. The ALJ also provided the same RFC as in his prior decision without addressing the error found by the Court in 2020. AR 911, 2077. The ALJ's treatment of Dr. Morris's opinion (Dr. Morris's opinion is in the record at AR 241-244),

which this Court found harmful error in 2020, cannot be used here again to support the ALJ's failure to include in the RFC these cognitive limitations.

With regards to the ALJ's second reason, Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death. 20 C.F.R. §§ 404.1505(a), 416.905(a). Dr. Morris estimated that plaintiff's impairments would last at most "6+ months," (AR 244). Yet, the record shows that plaintiff's impairments exceeded "6+ months," as evidenced by later opinions of other medical sources that were consistent with or more limiting than Dr. Morris's opinion. AR 256, 301-02, 2867-68, 1054, 2177, 2212. Therefore, the ALJ did not have substantial evidence upon which to discount Dr. Morris' opinion when there were no other opinions in the record to support an opinion on the duration of less-than-twelve-months.

With respect to Dr. Brown, plaintiff argues that the ALJ erred (1) by failing to include the portion of Dr. Brown's opinion he credited in plaintiff's RFC, and (2) by discounting Dr. Brown's opinion regarding plaintiff's marked limitation because it was heavily based on plaintiff's subjective symptom testimony. Dkt. 16, pp. 4–6; AR 2086.

The ALJ's evaluation of Dr. Brown's opinion (Dr. Brown's opinion is in the record at AR 253-258) and the issues presented here regarding the opinion have already been decided by this Court. *See* AR 917, 2198-99. In its January 2020 remand order, this Court found that the ALJ harmfully erred by failing to address how the RFC incorporates the portion of Dr. Brown's opinion regarding moderate limitations in exercising judgment and making decisions and performing routine tasks. AR 2198-99.

As discussed in the previous section, because this Court has already decided on the ALJ harmfully erred in evaluating Dr. Brown's opinion, the issue will not be revisited or decided differently. *See Stacy,* 825 F.3d at 567. Therefore, the ALJ's treatment of Dr. Brown's opinion, which this Court found as harmful error in 2020, cannot be used here to support his current evaluation of the cognitive limitations opined by Dr. Brown.

Concerning the opinion of Ms. Carlson, PA-C, Plaintiff assigns error to the ALJ's decision to give "limited weight" to Ms. Carlson's opinion because (1) she did not have access or the opportunity to review as many records as the other medical sources, (2) she is not an acceptable medical source under the regulations, (3) it was inconsistent with the objective medical evidence, and (4) it was inconsistent with plaintiff's daily activities. Dkt. 16 p. 6; AR 2088.

Luci Carlson, PA-C, evaluated plaintiff on May 31, 2016 and opined that plaintiff has chronic low back pain/degenerative disc disease and bipolar type 2 disorder. AR 1597. Based on plaintiff's impairments, Ms. Carlson found that plaintiff is limited to sedentary work, defined as lifting ten pounds maximum and carrying small articles for two and a half hours to six hours continuously or throughout an eight-hour workday. *See* AR 1598. Ms. Carlson also opined that while plaintiff's bipolar disorder is permanent and her back pain is chronic, plaintiff's low dose medication treatment would likely not limit her ability to work or seek out work. *Id*.

Plaintiff filed her applications before March 27, 2017. Under the Social Security regulations applicable to this case, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p. Nevertheless, evidence from "other sources," that is, lay

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4.

In addition, there are "other sources" such as nurse practitioners, therapists, and chiropractors, who are considered other medical sources. S*ee* 20 C.F.R. § 404.1513(d)(1). *See also Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1223–24 (9th Cir. 2010); SSR 06–3p. Evidence from "other medical sources" may be discounted if, as with evidence from lay witnesses in general, the ALJ "gives reasons germane to each [source] for doing so." *Molina v. Astru*e, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

Regarding the ALJ's first reason, a medical source's lack of familiarity with the medical record is a germane reason an ALJ can use to discount that medical source's opinion. *See* 20 C.F.R. § 416.927(c) (6) ("When we consider how much weight to give to a medical opinion, we will also consider. . . the extent to which a medical source is familiar with the other information in your case record. . . ."). Here, the ALJ found that Ms. Carlson's access to plaintiff's record was limited as compared to the access of State agency consultant of Dr. Gordon Hale. AR 2088.

In assessing plaintiff, Dr. Hale was able to review over 20 of plaintiff's records (AR 1046-62), but it is unclear from the record, nor does the ALJ explain, how he determined that Ms. Carlson was not as familiar with plaintiff's record. Ms. Carlson's opinion does not indicate how many of plaintiff's records she evaluated, but the record does show that Ms. Carlson saw and examined plaintiff twice. AR 1600-04. The ALJ's finding that Ms. Carlson did not have to opportunity to review plaintiff's records as

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

extensively as Dr. Hale is not supported by the record, therefore the ALJ erred in discounting her opinion for this reason.

As a physician's assistant, Ms. Carlson is considered an "other source" under the regulations, and the ALJ can use the opinion of an "other source" in determining the "severity of [the individual's] impairment(s) and how it affects [the individual's] ability to work." 20 C.F.R. § 404.1513(d). The ALJ cannot, therefore, dismiss Ms. Carlson's opinion solely because "she lacks the professional education and training of a physician". *See* AR 2088.

Treatment records show that plaintiff is able to lift more than ten pounds, as she often has to lift her child, contradicting Ms. Carlson's opinion that plaintiff is limited in her lifting capabilities. AR 895, 898, 1461, 1463. The record shows that the child weighs more than the maximum weight Ms. Carlson opined plaintiff could lift. *See* AR 898, 1461, 2324.

A conflict between the opinion of a non-acceptable medical source and a claimant's activities of daily living can serve as a germane reason for discounting such an opinion. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2007). Here, the ALJ pointed to plaintiff's ability to take care of her family members and perform household chores. AR 2088. Completing chores such as cleaning, laundry, and grocery shopping are not necessarily inconsistent with Ms. Carlson's opinion as to plaintiff's physical limitations. But, plaintiff's ability to care for her daughter, which includes lifting, carrying, and transferring, is inconsistent with Ms. Carlson's opinion that plaintiff is limited to light lifting. AR 625, 895, 1463, 1583, 1920. Notably, in plaintiff's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

function reports, plaintiff has consistently reported that she has no issues with lifting. AR 169, 177, 629.

In citing the inconsistency between Ms. Carlson's opinion and plaintiff's daily activities, the ALJ has provided at least one germane reason supported by substantial evidence. Yet this inconsistency is only relevant to the portion of Ms. Carlson's opinion on physical aspects of plaintiff's condition.

The ALJ did not have any germane reason to discount Ms. Carlson's opinion relating to plaintiff's mental health conditions and limitations. AR 2088. Therefore, the ALJ erred in rejecting Ms. Carlson's opinion on mental health impairments. Any error was harmless, because Ms. Carlson's opinion is general and does not set forth any specific limitations relating to mental health conditions. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Regarding Dr. Grant, plaintiff assigns error to the ALJ's decision to give "little weight" to Dr. Grant's opinion because it was (1) inconsistent with plaintiff's daily activities and (2) inconsistent with the objective medical evidence. Dkt. 16, p. 7; AR 2087.

Brenda Grant, M.D. evaluated plaintiff on August 21, 2017 and found that plaintiff suffers from chronic low back pain and bipolar disorder. AR 1628. Dr. Grant opined that plaintiff would be limited in learning new tasks and maintaining appropriate behavior at work. *Id*.

The ALJ did not provide any reasoning for discounting Dr. Grant's opinion about work-related limitations concerning plaintiff's mental condition, bipolar disorder. AR 2087. Dr. Grant stated that plaintiff's work-related limitations would render her unable to

participate in work, looking for work, or preparing for work. AR 1628. Dr. Grant also opined that plaintiff would be permanently disabled by her condition and limitations. AR 1629.

Dr. Grant also opined that plaintiff is unable to sit or stand for more than 15 minutes and that she is unable to lift more than eight pounds. *Id*. Dr. Grant further opined that plaintiff is severely limited with lifting and carrying. AR 1629.

Regarding the ALJ's first reason, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ specifically pointed to plaintiff's ability care for her family members. AR 2087. Plaintiff often lifts, carries, or transfers her disabled daughter. AR 2324, 895, 1463, 1583, 1920. As previously explained, the record shows that the child weighs more than the maximum weight Dr. Grant opined plaintiff could lift. *See* AR 898, 1461, 2324.

Plaintiff's ability to lift her daughter is inconsistent with Dr. Grant's finding that plaintiff is severely limited with her lifting and carrying abilities, and that she is unable to lift more than eight pounds. The ALJ has provided a valid reason, supported by substantial evidence, to discount Dr. Grant's opinion, but only as to physical limitations -- therefore the ALJ did not err in giving "low weight" to this portion of Dr. Grant's opinion. Because the ALJ has provided a valid and substantially supported reason to discount Dr. Grant's opinion regarding physical limitations, the Court does not need to further analyze whether the ALJ erred in discounting Dr. Grant's opinion regarding physical limitations. Any potential error the ALJ may have committed in discounting Dr. Grant's

opinion is harmless. *See Carmickle*, 533 F.3d at 1162-63 *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

None of the ALJ's reasons for discounting opinions of Dr. Morris, Dr. Brown, Ms. Carlson, or Dr. Grant, regarding plaintiff's mental health limitations are legally valid or supported by substantial evidence.

B. <u>Plaintiff's Subjective Symptom Testimony</u>

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff testified that she leaves the house only three or four times per month to attend doctors' appointments, is only able to sleep for three or four hours every night, and showers one to two times weekly because she is too tired. AR 2117-19. She also stated that it is hard for her to complete household shores, such as cleaning, because of her back and shoulder pain. AR 2122. Plaintiff testified that her prescribed medication for her back has not been effective. AR 2119.

As to her mental health, plaintiff testified to having long periods of depression. AR 2120. She explained that within a 30-day month, she has seven to ten good days. AR 2122-23.

Plaintiff assigns error to the ALJ's discounting of her testimony because (1) she failed to follow through with the recommended physical therapy, (2) her symptoms have improved from medication, and (3) it is inconsistent with plaintiff's daily activities. Dkt. 16, pp. 10-12; AR 2079-83.

With respect to the ALJ's first reason, a claimant's failure to follow treatment recommendations may justify discounting her testimony, because "a person's normal reaction is to seek relief from pain." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Here, the ALJ pointed to treatment notes showing that that after three physical therapy sessions in 2015, plaintiff stopped attending, and that her compliance with her home exercises has been "questionable." AR 1536. The ALJ also cited to treatment notes stating that plaintiff has not had formal therapy since 2016. AR 1866.

Plaintiff argues that the ALJ ignored other treatment notes of the physical therapy plaintiff has attended. Dkt. 16, pp. 11-12. However, plaintiff's cited evidence, which vaguely states that plaintiff gave physical therapy "a good try" (AR 1811), does not disprove the ALJ's finding. The ALJ's decision to discount plaintiff's subjective testimony because she had failed to follow through on her physical therapy treatments is a valid reason and it was supported by substantial evidence. The ALJ, therefore, did not commit error.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

The ALJ provided other reasons to discount plaintiff's testimony regarding physical conditions, but the Court need not analyze whether these reasons were proper, as any error would be harmless. *Carmickle*, 533 F.3d at 1162-63.

With respect to mental conditions, the Court has already determined the ALJ erred in evaluating the medical evidence of plaintiff's mental health conditions and work-related limitations. Therefore, the Court will not address the ALJ's evaluation of plaintiff's statements, or the ALJ's evaluation of the lay witness

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

A proper evaluation of the medical opinions of Dr. Morris, Dr. Brown, and Dr. Grant, concerning plaintiff's mental health conditions and work-related limitations, was not included in the hypothetical posed to the VE and the limitations were not incorporated into the ALJ's decision concerning plaintiff's RFC. AR 2077. Therefore, the ALJ's errors were not harmless.

C. <u>Whether the ALJ Failed to Properly Determine Plaintiff's Residual Functional Capacity</u>

Plaintiff argues that the ALJ erred in determining the RFC. Dkt. 16, pp. 13-14. The ALJ committed harmful error in the assessment of the medical opinions of Dr. Morris, Dr. Brown, and Dr. Grant, and therefore the limitations discussed in these opinions did not become incorporated into the RFC. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v.*

*Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

### D. Whether the Case Should be Remanded for an Award of Benefits

Plaintiff asks that this Court remand this case for an award of benefits starting on plaintiff's alleged onset date of April 2008. Dkt. 16, pp. 14-15.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

The Commissioner concedes that the ALJ's January 2021 decision "contained legal errors," but that the proper remedy is remand for further proceedings, as the record is not fully developed and there are still unresolved issues. Dkt. 20, pp.2-6.

The Court agrees that the record is fully developed, as plaintiff's record includes treatment notes from the past decade about plaintiff's physical and mental impairments. The Court also notes since 2010, this case has been remanded for further proceedings three times. AR 495–505, 995–1019, 2186–2203. Dr. Brown's opinion found that plaintiff had moderate cognitive limitations with respect to performing routine tasks, exercising judgment and making decisions. AR 256. The ALJ gave these moderate limitations some weight, but did not incorporate them into the hypothetical for the VE's consideration, nor were these limitations included in the RFC. AR 2129. Dr. Grant opined that plaintiff would be limited in learning new tasks and maintaining appropriate behavior at work. *Id*. The ALJ did not provide any reasoning for discounting this portion of Dr. Grant's opinion. AR 2087.

If these limitations are credited as true, plaintiff would be determined to be disabled, because she would not be able to complete even routine tasks. AR 2129 (hypothetical to the VE includes simple, predictable, routine tasks). Similarly, the limitations opined by Dr. Morris were not incorporated into the RFC. AR 2077.

As discussed above, the ALJ harmfully erred in evaluating medical opinion evidence from Dr. Brown, Dr. Morris, and Dr. Grant. Because the record is not ambiguous, and if these medical opinions are credited as true, plaintiff would have been found disabled, his case is remanded for an award of benefits.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled before December 8, 2018. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for an award of benefits.

Dated this 28th day of April, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge